# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. THOMAS LAMMERS, Defendant. | No. CR03-2017-LRR<br><br>ORDER |

This matter is before the court on the defendant's application to proceed in forma pauperis (docket no. 141), motion for modification of sentence (docket no. 142) and application for appointment of counsel (docket no. 143). The defendant filed his applications and motion on July 13, 2007. The government did not file a resistance.

A district court is unable to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). Nonetheless, several exceptions exist. The only subsection of 18 U.S.C. § 3582(c) that defendant purports to rely on is subsection two. Subsection two of 18 U.S.C. § 3582(c) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("[18 U.S.C. §] 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

The defendant argues that a sentence reduction is warranted in light of a November 1, 1992 amendment to U.S.S.G. § 3E1.1. On November 1, 1992, the Sentencing Commission amended the Guidelines Manual. *See* U.S.S.G. Appendix C, Amendment 459. U.S.S.G. § 1B1.10(a) sets forth the conditions that must exist before a defendant is entitled to be resentenced as a result of an amended guideline range. It states:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10(a); *see also* U.S.S.G. § 1B1.10, Commentary, Application Note 1 ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The Sentencing Commission did not include Amendment 459 within subsection (c). U.S.S.G. § 1B1.10(c). Consequently, the court is unable to reduce the defendant's sentence based on Amendment 459.

Moreover, the court sentenced the defendant on March 15, 2004, and judgment entered against him on the same date. Clearly, the amended version of U.S.S.G. § 3E1.1 applied when the court sentenced the defendant and he should have filed a direct appeal if he believed that the court incorrectly applied U.S.S.G. § 3E1.1. Finally, with respect to the defendant's assertions regarding the appropriate term of supervised release and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), they should have been made in either a timely direct appeal or a timely motion pursuant to 28 U.S.C. § 2255. *See, e.g., United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)

(stating that a "challenge to a federal conviction [. . .] is most appropriately brought as a motion under 28 U.S.C. § 2255").[1]

In sum, the defendant is unable to utilize 18 U.S.C. § 3582(c)(2) to reduce his sentence of 151 months imprisonment or to advance his other assertions. Accordingly, the defendant's motion for modification of sentence (docket no. 142) is denied. Having determined that the defendant is not entitled to a modification of the term of imprisonment that the court imposed, the defendant's application to proceed in forma pauperis (docket no. 141) and application for appointment of counsel (docket no. 143) are denied as moot.

**IT IS SO ORDERED**.

**DATED** this 16th day of July, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes that any motion pursuant to 28 U.S.C. § 2255 is barred by the applicable statute of limitations. *See* 28 U.S.C. § 2255.

3